**Ernesto DELEON, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant—Appellee.**

**No. 07–35063.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.[*]

Filed Dec. 8, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kathryn Tassinari, Esq., Brent Wells, Esq., Harder Wells Baron & Manning, PC, Eugene, OR, for Plaintiff–Appellant.

Johanna Vanderlee, Esq., Michael McGaughran, Esq., SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.**

## MEMORANDUM ***

Ernesto H. DeLeon appeals the district court's order affirming the final decision of the Commissioner of Social Security that DeLeon is not entitled Social Security Disability Insurance Benefits. We review the district court's order upholding the denial of benefits de novo, *see Gillett–Netting v. Barnhart,* 371 F.3d 593, 595 (9th Cir.2004), and affirm.

This court will affirm the Commissioner's decision if it is supported by substantial evidence. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1011 (9th Cir.2003) (internal quotations omitted).

DeLeon argues that the Administrative Law Judge (ALJ) erred in finding that DeLeon did not have a severe mental impairment. We disagree. An impairment is not severe if the evidence establishes only a slight abnormality with no more than a minimal effect on an individual's ability to work. *Smolen v. Chater,* 80 F.3d 1273, 1290 (9th Cir.1996); 20 C.F.R. § 404.1521(a). DeLeon maintains that his memory loss and borderline intelligence qualify as severe impairments. The evidence shows that DeLeon's memory loss lasted approximately three months, not the twelve continuous months required for disability. *See* 42 U.S.C. § 423(d)(1)(A). Additionally, the opinions of three specialists, Drs. Binder, Seres, and Hennings, all stated that DeLeon had no psychological restrictions preventing him from returning to work. Thus, the substantial evidence in the record shows that DeLeon's short-lived memory loss and borderline intelligence

---

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

had no more than a minimal effect on his ability to work.

DeLeon also argues that the ALJ did not properly consider the opinion of Dr. Helman, his treating doctor, that De-Leon could not sustain competitive work. We disagree. An ALJ may reject the opinion of the treating physician in favor of a conflicting opinion if he provides specific and legitimate reasons supported by substantial evidence in the record. *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001). The ALJ noted that Dr. Helman's opinion was either contradicted or unsupported by the opinions of six specialists. Drs. Binder, Courogen, Spray, and Elder all opined that DeLeon could still work. Drs. Lui and Seres agreed with Dr. Helman that DeLeon needed surgery, but did not support her conclusion that surgery was required for DeLeon to return to work. The ALJ also found that Dr. Helman's opinion relied primarily on DeLeon's subjective complaints—complaints with considerable credibility issues—without supporting objective evidence. As a result, the ALJ supplied "specific and legitimate" reasons for rejecting Dr. Helman's opinion in favor of other substantial evidence in the record.

Lastly, DeLeon argues that the ALJ did not meet his burden of proving that De-Leon retains the ability to perform other work in the national economy. We disagree. The ALJ can meet his burden of proving the claimant can do other jobs in the national economy by using testimony from a Vocational Expert (VE), but the hypothetical question posed to the VE must consider all of the claimant's limitations that are supported by "substantial evidence" in the record. *Osenbrock v. Apfel,* 240 F.3d 1157, 1164–65 (9th Cir.2001). DeLeon argues that the hypothetical posed to the VE did not consider his inability to work, his intellectual limitations, and his inability to stand and walk. As noted above, the opinions of six specialists did not support a finding that DeLeon was totally disabled. The opinions of three specialists also showed that DeLeon retained the intellectual capacity to perform the recommended jobs. In addition, the record lacks evidence that DeLeon's foot condition limited his ability to perform the recommended jobs. Thus, these limitations were not supported by substantial evidence in the record and the ALJ properly excluded them from the hypothetical posed to the VE.

**AFFIRMED.**